```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____
                                    )
**LAWRENCE SAYLES,**                )
                                    )
     **Plaintiff,**                 )
                                    )
vs.                                 )          No. <u>05-2424 B/P</u>
                                    )
**KENNETH MOSS and CLASSIC**        )
**TOWING & RECOVERY, INC.,**        )
                                    )
     **Defendants.**                )
                                    )
_____

                     **REPORT AND RECOMMENDATION**
_____

Before the court is defendants' Motion to Dismiss for Failure to Comply With Order Granting Motion to Compel Initial Disclosures and Discovery Responses, filed March 28, 2006 (dkt #20). The matter was referred to the Magistrate Judge for a report and recommendation. For the reasons below, the court recommends that defendants' motion be GRANTED, and that Sayles's complaint be dismissed with prejudice. The court further recommends that defendants' request for additional sanctions, including attorney fees, be DENIED.

             **I.   PROPOSED FINDINGS OF FACT**

Plaintiff Lawrence Sayles filed a *pro se* complaint on June 9, 2005, alleging personal injuries caused by the defendants when Kenneth Moss, an employee of Classic Towing & Recovery, Inc.,

struck Sayles with his vehicle while Sayles was crossing the street on foot.[1]  On August 15, 2005, the court entered an Order to Issue and Effect Service of Process.  In that order, the court warned Sayles that "[f]ailure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice."  On December 8, 2005, the court held a scheduling conference with the parties, and pursuant to that conference, entered a scheduling order that required each party to provide its initial disclosures by December 22, 2005 and set a deadline of May 30, 2006 for the parties to complete all discovery.

On February 3, 2006, defendants filed a Motion to Compel Initial Disclosures and Responses to Defendants' First Set of Interrogatories and Requests for Production.  Defendants alleged that although Sayles had informed the defendants on numerous occasions that he would provide them with his initial disclosures, he had not done so, in violation of this court's scheduling order. Moreover, defendants contended that they served Sayles with defendants' First Set of Interrogatories and Request for Production of Documents on December 20, 2005, and as of February 3, 2006, defendants had not received any responses despite numerous

---

[1] This case was previously filed in this district under case number 04-2136 B/P, and was voluntarily dismissed without prejudice on August 5, 2004.

assurances from Sayles that he would provide discovery responses.[2]

On February 3, Sayles filed a "Notice" with the court in which he stated that he was having "technical difficulties" in preparing his discovery responses and that he "will have prepared all of rule 26 documents upon his return to Oklahoma." The court granted defendants' First Motion to Compel on March 10, 2006, and ordered Sayles to provide defendants with his initial disclosures and to "fully respond to all interrogatories and requests for production of documents requested in defendant's motion to compel" within eleven days from the date of the Order. (See Order Granting Defendants' Motion to Compel Initial Disclosures and Responses to Defendants' First Set of Interrogatories and Requests for Production, Mar. 10, 2006).

On March 28, 2006, defendants filed the present motion, asking the court to dismiss Sayles's complaint due to his failure to comply with the court's March 10 Order and his failure to provide discovery materials. In that motion, defendants alleged that Sayles had not complied with the court's order granting defendants' motion to compel. Sayles did not respond to defendants' motion to dismiss. As a result, on April 27, 2006, the court entered an Order to Show Cause, directing Sayles to file a response to

---

[2] According to the Certificate of Consultation attached to defendants' First Motion to Compel, defendants' counsel requested Sayles to provide the documents in telephone calls on December 20, 2005, January 4, 2006, and in letters dated December 20, 2005, January 2, 2006, January 4, 2006, and January 26, 2006.

-3-

defendants' Motion to Dismiss by May 8, 2006. In that order, the court notified Sayles that "Plaintiff is hereby warned that failure to comply with this order may result in a recommendation to the District Judge that his case be dismissed with prejudice for failure to prosecute."

By letter postmarked May 4, 2006 mailed to the undersigned Magistrate Judge, Sayles, apparently in response to the court's show cause order, wrote as follows:

> notice to the court
>
> Mr. Sayles has mail to the defendant by certified mail initial disclosures and discovery on March 31. Mr. Sayles also mail to the court office rule 26 partial rule 35, 43, 45 now what has happened to them? Mr. Sayles does not have a credit card so can not file be electronic means of delivery. Mr. Sayles request a rescheduling of this case #05-2424b/p and will have use some other mail delivery source be side the us postal service in order that this case may proceed in a timely manner.

Given the ambiguous nature of Sayles's "Notice to the Court," the court scheduled a hearing on defendants' motion to dismiss for May 25, 2006. The court's Notice of Setting sent to each party on May 9 stated that "[p]laintiff shall appear in person for this hearing." Despite this instruction, Sayles did not appear for the May 25 hearing, nor did the court receive any communication from Sayles as to why he did not appear. At the hearing, defendants informed the court that they had received an envelope from Sayles sometime in February 2006, which contained a copy of Sayles's complaint, a few medical records, and what appeared to be some

witness affidavits.  However, Sayles had not provided initial disclosures or responses to defendants' First Set of Interrogatories and Requests for Production.  Counsel stated that he had not received any other information or documents from Sayles since the court entered its March 10 order granting defendants' motion to compel.

On June 20, 2006, the court entered a Second Order to Show Cause, setting yet another hearing on defendants' motion to dismiss for July 6, 2006.  The show cause order warned Sayles that his failure to appear at the hearing would result in a recommendation to the District Judge that defendants' motion to dismiss be granted and/or his case be dismissed for failure to prosecute.  On June 26, 2006, Sayles mailed to the chambers of the undersigned a set of documents, in which he indicated that he was still having "technical difficulties."  Sayles did not appear for the July 6 hearing, nor did the court receive any communication for Sayles as to why he did not appear.

## II.  PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37 empowers the court, upon motion, to sanction a party for failing to cooperate in discovery. See Fed. R. Civ. P. 37(b)(2),(c),(d).  The rule provides in part as follows:

> **(b)(2) Sanctions by Court in Which Action is Pending.**  If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are

>just, and among others the following: . . . (C) An order
>. . . dismissing the action or proceeding or any part
>thereof, or rendering a judgment by default against the
>disobedient party; . . .
>
>**(c) Failure to Disclose; False or Misleading Disclosure;
>Refusal to Admit.**  (1) A party that without substantial
>justification fails to disclose information required by
>Rule 26(a) . . . [may be sanctioned as provided] under
>Rule 37(b)(2)(A), (B), and (C) . . .
>
>**(d) Failure of Party to Attend at Own Deposition or Serve
>Answers to Interrogatories or Respond to Request for
>Inspection.**  If a party . . . (2) [fails] to serve
>answers or objections to interrogatories submitted under
>Rule 33, after proper service of the interrogatories, or
>(3) [fails] to serve a written response to a request for
>inspection submitted under Rule 34, . . . the court in
>which the action is pending on motion may make such
>orders in regard to the failure as are just, and among
>others it may take any action authorized under
>subparagraphs (A), (B), and (C) of subdivision (b)(2) of
>this rule.

Id. Thus, Rule 37(b)(2)(C), (c), and (d) expressly authorize the court to dismiss an action for a party's failure to comply with a court order compelling discovery, to provide initial disclosures, or to respond to interrogatories and document requests. Id.; see also Tech. Recycling Corp. v. City of Taylor, Nos. 04-1798, 04-2205, 2006 U.S. App. LEXIS 16590, at *15 (6th Cir. June 28, 2006) (unpublished) (affirming order of dismissal pursuant to Rule 37(b)(2)); Bullard v. Roadway Express, No. 99-6497, 2001 U.S. App. LEXIS 2251, at *7-8 (6th Cir. Feb. 5, 2001) (unpublished) ("When dismissal is based upon the failure to provide discovery, the Supreme Court has indicated that dismissal is properly brought under Fed. R. Civ. P. 37(b)") (citing Societe Internationale Pour

Participations Industrielles Et Commerciales, S.A. v. Rogers, 357 U.S. 197, 210, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958)).

In determining what type of sanctions are warranted under Rule 37, the court should consider the following four factors:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.[3]

Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Hayman v. PricewaterhouseCoopers, LLP (In re Telxon Corp. Secs. Litig.), Nos. 98-2876, 01-1078, 2004 U.S. Dist. LEXIS 27296, at *67 (N.D. Ohio July 16, 2004) (unpublished); Jack Tyler Eng'g Co. v. ITT FLYGT Corp., No. 03-2060, 2004 U.S. Dist. LEXIS 26155, at *12-13 (W.D. Tenn. June 9, 2004)(unpublished).

It is submitted that defendants' motion to dismiss should be granted due to Sayles's failure to cooperate in discovery, comply with this court's order compelling discovery, and appear for hearings on defendants' motion to dismiss. First, it is submitted that Sayles's discovery violations are willful. Despite being ordered, pursuant to the scheduling order and this court's March 10

---

[3] The court notes that these same four factors should be considered when deciding whether to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). See Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005).

order, to provide initial disclosures and responses to defendants' interrogatories and document requests, to date Sayles has not complied with these orders. Although Sayles claims "technical difficulties" with the court's electronic filing system, this does not explain why he has not sent his initial disclosures and discovery responses to defendants through the U.S. mail, which he is required to do. When instructed by the court to appear for the motion hearings, he twice failed to appear without explanation.

Second, defendants are prejudiced by Sayles's discovery violations. The deadline to complete discovery has expired under the scheduling order, and to date, defendants have not received initial disclosures or responses to interrogatories and document requests. Thus, defendants have been denied the opportunity to conduct discovery to defend against Sayles's claims.

Third, the court has warned Sayles multiple times that failure to cooperate in discovery or obey court orders would result in dismissal of his complaint. Specifically, when the court entered an Order to Issue and Effect Service of Process on August 15, 2005, the court warned Sayles that "[f]ailure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice." On April 27, 2006, the court entered an Order to Show Cause, directing Sayles to file a response to defendants' Motion to Dismiss by May 8, 2006. In that order, the court notified Sayles that "Plaintiff is hereby

warned that failure to comply with this order may result in a recommendation to the District Judge that his case be dismissed with prejudice for failure to prosecute." Finally, on June 20, 2006, the court entered a Second Order to Show Cause, which warned Sayles that his failure to appear at the hearing would result in a recommendation to the District Judge that defendants' motion to dismiss be granted and/or his case be dismissed for failure to prosecute.

Fourth, the court has considered imposing other, less drastic sanctions, such as reimbursement of attorney fees and other available sanctions under Fed. R. Civ. P. 37. It is submitted, however, that the sanction of dismissal is appropriate under the circumstances. The defendants have made numerous attempts to obtain the outstanding initial disclosures and discovery materials from Sayles, but have been unsuccessful. The court has ordered Sayles to produce discovery materials and appear in court to address these ongoing problems. However, Sayles has not produced the documents, nor did he appear in court for the hearing as ordered. Sayles's failure to provide initial disclosures, respond to discovery requests, comply with court orders, and appear before the court as directed, warrants the sanction of dismissal.

### III.  RECOMMENDATION

For the reasons above, the court recommends that defendants' Motion to Dismiss for Failure to Comply With Order Granting Motion

to Compel Initial Disclosures and Discovery Responses be GRANTED, and that the case be dismissed with prejudice.  The court further recommends that the defendants' request for additional sanctions, including attorney fees, be denied, as an order of dismissal sufficiently addresses the discovery violations at issue.

    Respectfully Submitted.

                                        S/ Tu M. Pham
                                        _____
                                        TU M. PHAM
                                        United States Magistrate Judge

                                        July 24, 2006
                                        _____
                                        Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**